CASE 58—ACTION TO VACATE A JUDGMENT AND ENJOIN ITS EXECU-
TION.—MAY 21.

# International Development Co. v. Howard.

APPEAL FROM CLAY CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

PARTIES TO ACTIONS—CAPACITY TO SUE—OBJECTIONS WAIVED—VALID-
ITY OF JUDGMENT—PRESUMPTION IN FAVOR OF JURISDICTION—
ABSENCE OF AFFIDAVIT FOR WARNING ORDER—SALE OF LAND BY
HEIRS SUBJECT TO ANCESTORS' DEBTS—PURCHASER WITH NOTICE.

Held: 1. Whether the committee of a lunatic could maintain an
action for the sale of his ward's land to pay debts, and whether,
after the lunatic's death, the curator of his estate could main-
tain an action for the settlement of the estate, and whether
the curator was properly appointed, were all matters going
to the capacity of plaintiff to sue, and, not being pleaded at
the proper time, were waived.

2. In an action to vacate a judgment in which jurisdiction of de-
fendant's person was based on a warning order, it will be pre-
sumed that an affidavit for the warning order was filed, though
none appears in the record.

3. Where heirs in selling land stipulated as part of the consider-
ation that the purchaser was to pay all legal liabilities of the
ancestor, and when the purchaser conveyed to another he stip-
ulated in the deed that the grantee should pay not only all such
liabilities but the cost of a pending suit to settle the an-
cestor's estate, a subsequent purchaser took the land with no-
tice that it was charged with the ancestor's debts and with
the cost of the suit referred to, and he can not complain, of
irregularities in that suit which were waived by the heirs with
a view to having the estate settled as speedily as possible
without unnecessary cost.

A. K. COOK AND HELM, BRUCE & HELM, FOR APPELLANT.

TINSLEY & FAULKNER, FOR APPELLEE.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

At its April term, 1887, Alexander W. Chastain was
found of unsound mind by an inquest held in the Clay

circuit court, and B. F. White was appointed as his committee. White qualified and gave bond, and on March 5, 1889, filed a petition in equity in the Clay circuit court, in which he set up that his ward owned a large number of tracts of land; that there were claims against the land, and debts unpaid; that the ward had no wife or children; that the lands were unimproved, yielding no income for his maintenance; that he had no personal estate, and a sale of the land was necessary for his maintenance and the payment of his debts. To this petition A. W. Chastain and a number of the creditors and claimants of interest in the land were made defendants. There is no evidence in the record that the summons was served on Chastain, or any one for him. At the October term, 1889, an order was made suggesting the death of A. W. Chastain, and reviving the action in the name of A. B. Howard, as administrator of his estate, against his heirs and creditors. The order of the county court, which is filed, shows that Howard was appointed curator of the estate, and not administrator. On the next day an amended petition was filed, in which it was alleged that Chastain left as his heirs at law Anna Haynes, who intermarried with Robert F. Haynes, and H. Anna Jonas, who intermarried with Anton L. Jonas; that Mrs. Haynes and her husband resided at Deland, Fla., and Mrs. Jonas and her husband at Jellico, Tenn. The court made them defendants to the action, and ordered that a warning order issue against them. The case was then referred to the master commissioner. At the April term, 1890, the attorney for the nonresident defendants filed his report, and at the October term they appeared in the action by C. B. Hancock, who was attorney for George Baird, and also for the plaintiff, Howard, and offered to file a demurrer and reply to the petition of Elizabeth Byron, one of the cred-

itors. The court refused to allow the pleadings to be filed. At the October term, 1892, after the case had been fully prepared and was under submission, H. Anna Jonas entered a motion to set aside the order of submission and strike the case from the docket. This motion was overruled, and at the March term, 1893, a judgment was entered in favor of some of the creditors, and held up until February 27, 1895, when a final judgment was rendered on the remainder of the claims, and a sale of the land, or so much of it as might be necessary, was ordered to be made. In the meantime, however, on May 21, 1890, H. Anna Jonas and her husband and Mrs. Haynes and her husband conveyed their interest in the land to Henry A. Haynes. On June 21, 1890, he conveyed the property to George W. Baird, and by deeds executed in August, October and November, 1890, and March, 1891, Baird conveyed the property to E. H. Patterson, trustee, and Patterson conveyed it to the Kentucky Coal, Iron & Development Company. On August 5, 1892, it conveyed the land to the Central Appalachian Company, which conveyed it in November, 1894, to the International Development Company, having first mortgaged it to the Corporation Trust Company. None of these companies were a party to the suit to settle the estate of A. W. Chastain. Chastain made a will in the year 1871, devising his whole estate to H. Anna Jonas, but the will was not found until some time after his death. On March 13, 1896, the International Development Company appeared in the suit above referred to, and entered a motion to set aside the judgment of sale of the land. This motion was overruled. It then, on October 18, 1897, filed this suit in the Clay circuit court to vacate that judgment and enjoin the execution of it. On final hearing the court dismissed the petition, and it appeals.

The deed which was made by Anna C. Haynes and R. F. Haynes, her husband, and H. Anna Jonas, and Anton L. Jonas, her husband, to Harry A. Haynes, for the land, sets out the consideration as follows: "In consideration of the sum of four hundred dollars, two hundred dollars of it paid to Anna C. Haynes and the other two hundred dollars paid to said H. Anna Jonas, the receipt of which sums is hereby acknowledged, and the further consideration that said second party (Harry A. Haynes) will relieve the land herein conveyed from all just debts or legal liabilities of Alex. W. Chastain, now deceased, provided said land is of sufficient value to be sold, and other considerations not mentioned herein, but which are not to be a lien on herein-described land." In the deed which Harry A. Haynes made to George Baird for the land the consideration is thus stated: "In consideration of eleven thousand two hundred and fifty dollars cash, in hand paid, the receipt of which is hereby acknowledged, and for the further consideration that the party of the second part settles, adjusts and pays all the debts or claims of every kind against the estate of A. W. Chastain, deceased, including the cost of the suit now pending to settle his estate in the Clay circuit court, and other suits consolidated therewith." Appellant takes the land under these deeds, and subject, therefore, to the incumbrance thus created upon it. It is insisted for it that White, as committee, had no authority to bring an action for the settlement of Chastain's estate or the sale of the land; that no summons was issued on the petition, and therefore it abated on Chastain's death, and there was nothing to revive; that Howard, as curator, had no authority to prosecute such an action, that there was in fact no revivor, and that the heirs of Chastain were not before the court, and the judgment was void. We deem it unneces-

sary to determine whether White, as committee, could
maintain an action for the sale of the lands of his ward to
pay his debts, or whether Howard, as curator, could main-
tain an action for the settlement of the estate of the de-
cedent, or whether he was properly appointed. All of these
matters simply went to the capacity of the plaintiff to sue,
and, though they might have been cause for abating the
action, if pleaded at the proper time, they were waived if
not then presented. After the action was revived in the
name of Howard as administrator, an amended petition
was filed making the two heirs at law and their husbands
defendants to the action, and at the next term of court a
report was filed as follows by the attorney: "The respond-
ent, A. W. Baker, says he was appointed by the clerk of the
court, in vacation, in the above-styled action, attorney to
defend for the nonresident defendants, to-wit, Robert F.
Haynes and wife, Anna Haynes, who reside at Deland,
Florida, and A. L. Jonas and Anna Jonas, who reside at
Jellico, Tennessee. Respondent says that he has informed
the said parties of the pendency of this action by mail, and
of the nature of the same." Although no affidavit is found
in the transcript on which the warning order was based,
it must be presumed now that a proper affidavit was filed.
Newcomb's Ex'rs v. Newcomb, 76 Ky., 544, 26 Am. Rep.,
222. The heirs at law of the decedent were therefore prop-
erly brought before the court. They understood that they
were before the court, and afterwards entered their appear-
ance, and undertook to contest the claim of one of the cred-
itors; but they did not question the authority of the plain-
tiff to prosecute the action, or the regularity of the proceed-
ing. Besides, when they sold to Harry A. Haynes, they
stipulated as part of the consideration that he was to pay
all the just debts or legal liabilities of the deceased, and

when Haynes conveyed to Baird he stipulated that Baird should not only pay these claims, but also the cost of the suit pending to settle his estate in the Clay circuit court, and the other suits consolidated therein. Appellant, therefore, is not a *bona fide* purchaser without notice, but took the land with actual notice that it was charged with the payment of the debts of the decedent, including the cost of the suit referred to. Although the proceedings may not have been regular, the heirs of Chastain might waive that irregularity with a view to getting the estate settled as speedily as possible without unnecessary cost. This appears to be the course they pursued, for there was a prolonged contest over some of the debts, conducted by the attorney for the administrator, who was the same attorney who appeared for them and offered to file the pleadings tendered by them in the case. He also represented Baird, the purchaser, who had assumed the payment of the debts.

Judgment affirmed.